# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Myesha T. McGee,

                Plaintiff,        Case No. 24-11569

v.                                 Judith E. Levy
                                   United States District Judge

RPI Management, Inc.,
                                   Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

## ORDER OF DISMISSAL

*Pro se* Plaintiff Myesha T. McGee filed the complaint in this matter on June 14, 2024. (ECF No. 1.) On the same day, Plaintiff also filed an application to proceed without prepaying fees or costs (the "Application"). (ECF No. 2.) On February 19, 2025, the Court issued an order striking the Application because Plaintiff's Application was incomplete and provided the full name of her daughter without listing whether she is 18 years or older. The Court required Plaintiff to file a revised application with completed information by March 12, 2025, and cautioned that "[i]f Plaintiff does not comply with this order, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule

41.2." (ECF No. 5, PageID.27.) However, in the nearly two months that followed, Plaintiff did not file a revised application. On May 5, 2025, the Court issued a show cause order that required Plaintiff to "either file a complete Application or show cause in writing by Monday, May 12, 2025 why this matter should not be dismissed for failure to prosecute, pursuant to Eastern District of Michigan Local Rule 41.2." (ECF No. 6, PageID.29.) As of today's date, Plaintiff has not filed a revised application, asked that the deadline be extended, or otherwise responded to the Court's May 5, 2025 order by the May 12, 2025 deadline.

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's orders and her failure to prosecute the case against Defendant. Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024). Courts in the Eastern District find a Rule 41(b) dismissal is proper after the plaintiff ignores an order warning him file a complete application to

2

proceed without prepayment of fees and costs. *See, e.g., Tucker v. Quinones*, No. 23-CV-13120, 2024 WL 2947257, at *2 (E.D. Mich. June 11, 2024); *Tucker v. Fed. Bureau of Investigation*, No. 24-10961, 2024 WL 4682695, at *3 (E.D. Mich. Nov. 5, 2024); *Harper v. Warden, FCI McDowell*, No. 20-00504, 2020 WL 8575205, at *1 (S.D.W. Va. Oct. 27, 2020), *report and recommendation adopted*, No. 20-00504, 2021 WL 626999 (S.D.W. Va. Feb. 17, 2021).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd.*

*of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not submit—by May 12, 2025—a complete application to proceed without prepaying the fees or costs of this litigation. Plaintiff has not requested an extension of time to submit these documents. She has not responded to the Court's order in any way. "Although [her] conduct does not establish bad faith, it nevertheless shows willfulness and fault in that [s]he was at best extremely dilatory in not pursuing [her] claim[s], which indicates an intention to let [her] case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg*

4

*Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendant has not been prejudiced by Plaintiff's conduct because it has not been served with the complaint or appeared in the case.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff about the possibility of dismissal if she failed to comply with the order to supplement the record or order to show cause. (ECF Nos. 5, 6.)

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order directing Plaintiff to submit a revised application. (ECF No. 5, PageID.25.) The Court gave Plaintiff ample time—three weeks—to correct the deficiencies identified in that order. (*Id.*) The Court then issued a show cause order, providing another week for Plaintiff to respond. (ECF No. 6., PageID.29)

5

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order, for want of prosecution, and due to Plaintiff's failure to file a complete application to proceed without prepaying fees or costs. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 21, 2025       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2025.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager